**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOP AGENT NETWORK, INC., | No.    21-16494 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-03198-VC |
| v. | |
| NATIONAL ASSOCIATION OF REALTORS; SAN FRANCISCO ASSOCIATION OF REALTORS, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| CALIFORNIA ASSOCIATION OF REALTORS, INC., | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted August 24, 2023[**]
San Francisco, California

Before:  BUMATAY, KOH, and DESAI, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Top Agent Network ("Top Agent") appeals the district court's dismissal of its third amended complaint for failure to state a claim with prejudice. We review *de novo*. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

In 2019, the National Association of Realtors ("the Association") adopted a policy prohibiting member-realtors from marketing properties on private listing services without also listing them on the Association's public listing services. Top Agent, the operator of a private listing service, sued the Association under the Sherman Act, 15 U.S.C. § 1, and corollary state laws. Top Agent alleges that the policy is a *per se* group boycott because it forces agents to either avoid non-MLS listing services like Top Agent or agree to unfavorable terms. The district court dismissed Top Agent's third amended complaint for failure to state a claim without leave to amend. *Top Agent Network v. Nat'l Ass'n of Realtors*, 554 F.Supp.3d 1024 (N.D. Cal 2021).

After dismissal but before briefing in this case, we considered the sufficiency of similar allegations in *PLS.com v. Nat'l Ass'n of Realtors*, 32 F.4th 824, 832–41 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 567 (2023). Because the facts of *PLS.com* are sufficiently analogous to the facts as alleged here, we vacate the district court's order and remand Top Agent's claims for reconsideration under *PLS.com*.

**VACATED** and **REMANDED.**